Honorable John D. Hughes County Attorney Hood County Courthouse Room 6 Granbury, Texas 76048
Re: Whether a prosecutor may use drug seizure funds to pay bonuses or increase salaries without approval of the commissioners court (RQ-2078)
Dear Mr. Hughes:
You ask whether a prosecuting attorney may use drug seizure funds to pay bonuses or increase salaries of employees without first obtaining the approval of the commissioners court. You also ask if it would constitute a violation of the criminal law if a prosecutor were to pay bonuses or salary increases to employees without having obtained the approval of the commissioners court.
Article 59.06 of the Code of Criminal Procedure, adopted by Acts 1989, 71st Leg., 1st C.S., ch. 12, § 1, at 14, and effective October 18, 1989, addresses the disposition of forfeited property.[1] Section (d) of article 59.06 provides:
 Proceeds awarded under this chapter to a law enforcement agency or to the attorney representing the state may be spent by the agency or the attorney after a budget for the expenditure of the proceeds has been submitted to the commissioners court or governing body of the municipality. The budget must be detailed and clearly list and define the categories of expenditures, but may not list details that would endanger the security of an investigation or prosecution. Expenditures are subject to audit provisions established under this article. A commissioners court or governing body of a municipality may not use the existence of an award to offset or decrease total salaries, expenses, and allowances that the agency or the attorney receives from the commissioners court or governing body at or after the time the proceeds are awarded. The head of the agency or attorney representing the state may not use the existence of an award to increase a salary, expense, or allowance for an employee of the attorney or agency who is budgeted by the commissioners court or governing body unless the commissioners court or governing body first approves the expenditure. (Emphasis added.)
You advise that bonuses are given for achievement to employees and that employees are paid from budgeted county funds.
Article 59.06(d) expressly provides that an attorney representing the state may not use drug forfeiture funds to increase a "salary, expense, or allowance for an employee of the attorney or agency who is budgeted by the commissioners court . . . unless the commissioners court . . . first approves the expenditure." We believe that the payment of any additional compensation to an employee in the prosecutor's office who is budgeted by the commissioners court is contingent upon the commissioners court's approval.
In light of your relating that bonuses are given for achievement, there is also a constitutional prohibition relevant to their payment. Bonuses for achievement are compensation for services rendered. Attorney General Opinion JM-313 (1985) concluded that a prosecuting attorney may not pay bonuses from the "hot check" fund despite the fact that article 53.08 of the Code of Criminal Procedure (now article 102.007 of said code) permits the prosecuting attorney sole discretion in using such funds to defray salaries and expenses in his office. It was noted that article III, section 53, of the Texas Constitution prohibits the paying of extra compensation to a public officer, agent, servant or contractor for services after they have been rendered. A bonus may be paid to a county employee only if the commissioners court has approved the bonus plan as part of compensation before the services are rendered. See Attorney General Opinions JM-459
(1986); H-786 (1976); H-402 (1974).
You also ask if it would constitute a violation of the criminal law if a prosecuting attorney uses drug seizure funds to pay bonuses or salaries under the circumstances you have related without having obtained the approval of the commissioners court. You do not refer to a specific provision of criminal law. The resolution of whether the circumstances you have related constitutes a violation of any provision of the criminal law involves the determination of factual issues and does not come within the province of the opinion process.
 SUMMARY
The payment of any additional compensation from the drug forfeiture funds to employees in the prosecutor's office whose salaries are budgeted by the commissioners court is contingent upon approval of the commissioners court. Payments for services rendered in the form of bonuses are prohibited by article III, section 53, of the Texas Constitution, unless the bonus plan is approved as part of a compensation before the services are rendered.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General
[1] Forfeiture provisions prior to the 71st Legislature were contained in article, 4476-15, V.T.C.S., the Texas Controlled Substances Act. See Attorney General Opinion JM-678 (1987). The Texas Controlled Substances Act was codified as part of the Health and Safety Code (effective September 1, 1989). See Health 
Safety Code, Acts 1989, 71st Leg., ch. 678, § 1, at 2230. This was a non-substantive codification. However, each of the codified forfeiture provisions was repealed, effective October 18, 1989. See Acts 1989, 71st Leg., 1st C.S., ch. 12, § 6, at 21. New statutes dealing with the same subject matter, which are substantially different from the repealed Controlled Substance Act provisions, were enacted as articles 59.02, 59.05, 59.06 and59.08 of the Code of Criminal Procedure. Id. § 1. See State v. Garcia, Docket No. 04-89-00194-CV, Tex.App.-San Antonio, October 3, 1990 (unreported).